Our final case for today is United States v. McClain. Mr. Henderson. Good morning. May it please the court. I'm Peter Henderson. I represent David McClain in this case. I'd like to start with the District Court's rationale for granting the purported Rule 36 relief. The District Court wrote that the Bureau of Prisons was going to orally pronounce a sentence of 64 months. Of course, the District Court never orally pronounced a sentence of 64 months. The oral pronouncement of sentence in July 2013 was 66 months. The reason for the confusion, of course, is because in February of 2016, the District Court modified the sentence properly under Section 3582C2. And just as in Lawrence, that modification is the new sentence. In its written order directing that the sentence be amended, the District Court made a number of mistakes, but those mistakes were faithfully transcribed onto the judgments. It was not a clerical error that could be corrected under Rule 36. It was a clear error. It was a technical error that must be corrected under Rule 35A within 14 days or, of course, appeal. But once 14 days had gone by, the sentence was final. Under federal sentencing law, sentences once imposed are final. There's a lot of hang-up about the oral pronouncement of sentence in this case, and the oral pronouncement of sentence is irrelevant. The sentence was modified by written order. So just as in Lawrence, when a written order imposes a particular sentence, that is the sentence. Mr. Henderson, what about the sentence for the supervised release violation and the oral pronouncement for that? Because the February 2016 reduction under Amendment 782 for the drug amounts only pertained to the 2009 charge for distribution. It didn't pertain to the 2002 delivery sentence. So how should that impact our analysis? I think there are two things to note about that order. One, it did affect both cases because it was a written order rather than consecutive. That was a mistake, but it was one that the court made, not the clerk. But second, the judgment in the revocation case, in the 2002 case, is perfectly consistent with the court's oral pronouncement of sentence by itself. The court imposed a term of 18 months, and that's what the judgment said. The court imposed that that term should run consecutively to the new case, the 2009 case, and that's reflected in the judgment. And the court said that 24 months of the aggregate sentence should run concurrently with the state case. And in the revocation, the 2002 judgment, it runs 18 months. So that's perfectly consistent with the oral pronouncement of sentence. Even though that was not the court's intention in the oral pronouncement? Well, it's unclear what the intention was. The sentence in July of 2013, as we write on page 26 of our brief, was 90 months total with 66 months to run consecutive to the state sentence. Now, the judgment breaks that up, and only when considering both judgments together is it apparent that there's a double counting error. So there's better arguments if we were in August 2013 and the government filed a Rule 36 motion and said, Judge, you imposed unambiguously a 90-month term with 60 months to run consecutively, and your judgments don't reflect that. We would need to change one of the judgments. We either need to get rid of the consecutive time or the concurrent time in the revocation judgment, or we need to reduce the concurrent time in the new case to six months, because then it would be six plus 18, and that would be the court sentence. So you have to consider these judgments in the aggregate, because each one corresponds to the sentence. It's only when looking at both of them that you see the error. It seems like that's part of the problem, that the original sentence and the July 2013 sentence were based on a bundling, so to speak, and in February of 2016, in light of Amendment 782, it became unbundled as to the distribution and didn't account for the other part, which was part of the bundle. That seems to be the problem here. Right. I think that the February 2016 judgment essentially calcified the errors, because rather than considering things in the aggregate as the district court had originally, it reduced the sentence and changed whether it was concurrent or consecutive in just one case. We can't go back more than 14 days after those judgments and say, well, oh, we made a mistake in February 2016. We should have considered how this sentence relates to all the components of the aggregate sentence. After 14 days had passed, that's just simply not available. You know, really what happened, the district court in May 2021 imposed a 64-month federal prison sentence, and it had never before imposed that term. That's not a clerical error. That's correcting a clear error. It's understandable why the court made these technical errors. This is a complex set of, we've got three cases here that we're trying to account for, but it's a judicial error. It's not a clerical error. And so, you know, the last valid judgment was from February 2021. Nobody has appealed that. There are questions as to whether that could have been entered in the first place, but as nobody's appealed it, that's the last surviving judgment. So, we've asked that the court reverse the district court and direct it to reenter that judgment. And I'll save my remaining time for a moment. And then, Mr. Henderson, it would have to be that judgment plus the 2013 written order in the 2002 case. Exactly. That's right. Thank you, Your Honor. Mr. Henderson, the United States asked the court to affirm the judgment, the amended written judgments of the district court. As we noted, it's clear under circuit rule, I'm sorry, under Rule 36 that a district court may amend a written judgment at any time to correct a clerical error. And the cases are clear that where a written judgment conflicts with the oral unambiguous sentence, that that is a clerical error. And just in a very simple way, before we get into all the amended judgments, that's what happened here. It's clear that the court unambiguously back in 13 imposed these sentences to be consecutive with each other, the two federal sentences, plus partially consecutive with the state sentence. As a result of the written judgments taken together back even in 13, the Bureau of Prisons was unable to implement those sentences. So in looking at this court's jurisprudence, those are basically were nullities at the time. And the court then could correct those and should correct those written judgments at any time, which the court did finally in May of 2021. But Mr. Miller, there's a difference here and a difference here in the cases that you're relying on, that there was a superseding order, so to speak, in the distribution case. And that's the February of 2016 reduction of his sentence based on Amendment 782. So given that reduction, the July 13th oral pronouncement no longer applies to the distribution sentence. And first, our position is that all of those sentences, all those written judgments after the oral pronouncement were nullities, and therefore the court could do what it did. But having said that, how could this, we go back to the oral pronouncement in July 2013, when the court subsequently reduced his sentence under Amendment 782? That doesn't make sense. I'll be happy to address that, Your Honor, because even if we go with the defendant's arguments, what the court did in this case is correct. And I'll explain. So let's take the argument that the February 16th judgment is the judgment in the case, in 13, in 16, in the 09 case. We still got the 02 judgment that says that it's consecutive to the 09 case. But now we have the judgment based on 3582C, and as this court knows, there were loads of these 3582Cs that were done at the time. Lots of judgments were entered by attorneys who weren't even involved in the case to get through with these. And as the defense concedes, there was an error put in the 16 judgment in the 09 case that said it was concurrent with the 02 judgment. But let's say, let's rely on Lawrence, as the defendant does, and says that that then is the judgment. Now we have a clear conflict in the judgments, right? Now we have one judgment that says it is consecutive. The 02 judgment says it's consecutive to 09. The 09 judgment says it's concurrent with 02. BOP can't implement those sentences. So what would happen in that case is what eventually happened here is BOP would reach out to the court for some kind of correction. In a case where now, I guess the argument would be there's ambiguity in the oral pronouncement of sentence in the 02 case, which we still have, which made it clear it was supposed to be consecutive. And then the written judgment, which is the only judgment we have in the 09 case. In that case, as we note in our footnote, the court can then go to the record and look at the complete record, including the judicial intent, which it could do by looking back at the oral pronouncement of sentence in the 09 case, and determine, oh, wait a second, this, I'm going to resolve this conflict, this clear clerical error by amending the 09 judgment. But let's go even further. Let's say, the defense argument I'm sure is, oh, the court couldn't, could only amend that 09 judgment within 14 days. We disagree with that. We think rule 36 would allow it to be amended later. But let's say the court couldn't do that. But what the court did do on the defendant's motion was amend that judgment in March of 21. So the 16 written judgment, either it was a nullity when it was entered, or if it was entered correctly, it no longer exists today. Because on the defendant's motion in March of 21, the judgment in 09- In February of 21? Well, I think it was entered on March 2nd of 21, but I believe the motion was in February of 21. Are you talking about the agreed judgment modification in February of 21? Yes, Your Honor. Okay. Yes. So in early of 21, it was amended to, the reason, because the defendant requested, was to correct the fact that the 24 month consecutive plus 48, I'm sorry, 24 month concurrent of the 09 sentence plus 48 months consecutive added up to 72, whereas the sentence had been reduced two months to 70. So that was corrected, but that amended judgment also corrected to say that the sentence was consecutive to the, of the 09 sentence was consecutive to the 02 judgment. So at that point, this is the judgment the defendant would concede. The defendant didn't appeal that judgment in 21. The government didn't appeal that- Mr. Miller? Yes. Let me, let me ask you a question about a problem I have with the government's position in this case. And it's based on rule of criminal procedure 32K1. That requires the district court to sign every judgment in a criminal case. So even if the clerk makes a mistake in thinking about what the judge has ordered, if the judge signs the clerk's mistake, isn't this also a mistake by the judge, subject to rule 35? I would respectfully disagree because of the case law, the, for example, Medina Mora would be the case that we've cited. The cases are clear that if the written judgment conflicts with the unambiguous oral sentence, rather, regardless of whether it's signed by the judge or not, that- Counsel, I didn't ask, I didn't ask you to discuss cases. I asked you to discuss rule 32K1, and I'd appreciate it if you'd do that. Our position, your honor, would be that rule 36 allows a district court, in spite of- Counsel, counsel, now I'm getting annoyed. I did not ask you to discuss rule 36. I asked you to discuss rule 32K1, and I'd appreciate it if you would do that. I apologize, your honor, could you, what aspect of rule 32K1 would you like me to discuss? You didn't listen to my question. Rule 32K1 provides, among other things, that the district clerk makes a mistake, and the judge signs off on it, the judge hasn't made a mistake, too. How do you phrase that? I would say, yes, the judge has made a mistake, too. If I may- So then, what happens if you have something that is both a clerical and a judicial error? And I believe that's covered by Medina-Mora, because in that case, it was the situation where the court signed the written order that, if you look at it, was not inconsistent with the judgment. In that case, the judge ordered the case, the sentence, to be concurrent with the state sentence, the federal sentence. Then the judgment just was silent, as to that matter. Presumably, the judge signed that agreement, that written judgment. But then, on appeal, this court actually reversed the district court's later refusal to apply Rule 36. And it said that if the written judgment, even presumably signed by the district judge, fails to capture accordingly the oral pronouncement of sentence, then Rule 36 applies. And this court held, in that case, that the defendant was entitled to the correction, because, as the judgment was applied by BOP, it applied the sentences consecutive. So, in this case, that's really, I think Judge Sainee pointed this out at the beginning, what the problem was here. Even looking at the judgments, as originally signed by the district judge, it wasn't entirely clear that the court would not impose the sentences as orally pronounced by the judge. But, once BOP received the judgments, and failed, was unable to impose the sentences as ordered by the district judge, then the judge was entitled, under Rule 36, to correct those sentences. But, Mr. Miller, I still don't understand how you can rely on the July 2013 oral pronouncement, when you have an intervening sentencing order, in February of 2016, that trumps the July 2013 order. Yeah, and, Your Honor, if I'm running out of time, if I may address your question. Yes, as we noted before, if we're relying on the 16th judgment, and the 13th judgment in the O2 case, they conflict, then the court is entitled, under the law, to look at the entire record to resolve the ambiguity, in this case, the ambiguity between the oral judgment in the O2 case, and the written judgment that was amended in 16. One says consecutive, one says concurrent. So, the court could then look to the entire record, including what was said in the O9 case in 13. But, as I always point out, even if we don't go there, the 16 judgment was amended in 21. And so, what we would ask this court is, if the court felt that the court could not amend the judgment in O9, then that would leave us with, I'm sorry, with the May 21 judgment, that would leave us with the March of 21 judgment in O9. But, there's been no argument from the court aired in amending the O2 judgment in May of 21, because the only prior judgment was the judgment back in July of 13. And so, there... Counsel, I think we have your position. Thank you, Your Honor. Judge St. Eve, anything, any follow-up? No, thank you, Judge Easterbrook. All right. Thank you very much. Anything further, Mr. Henderson? Yes, Your Honor. I suppose I just wanted to clarify, this is not a concurrent versus consecutive problem. The judgments in 2013 properly ran things consecutive. The government says on 2016, then we had a conflict between the judgments. And so, there is an ambiguity. And if there's one thing that Rule 36 prohibits, it's the district court from resolving an ambiguity more than 14 days after the judgments have been entered. What happened in February of 2016, as you can see in our appendix at pages 30 through 32, is that the district judge signed a written order that reduced the sentence. That's the new sentence. The July 2013 sentence no longer exists. The government very well could have appealed that if it thought there was an ambiguity, if it thought there was something wrong. It could have within 14 days filed a Rule 35a motion, but it didn't. The Bureau of Prisons has to apply federal law when it determines how to calculate a sentence. And applying federal law here, it noted correctly that the judgments in both cases imposed a total of 48 months in federal prison. The Bureau of Prisons can come to the district court to ask, is that your judgment? And the intended to impose a longer term, but now that you've pointed it out, I'm now going to modify the term to reach that subjective intention. So, what about the February 2021 agreed judgment order? Well, as we noted in our brief, the court didn't have the authority to enter that order. Now, I know that it was an agreed order between the defense and the government. It's, at this point, water under the bridge, nobody's appealed it, but that was improper too. But again, nobody's appealed it. So, that would be the order that would stand then, correct? That's the order that would stand. And I suppose the government could file a late notice of appeal and say the court didn't have jurisdiction to impose that. So, we should go back to February 2016. I don't think there's any point in doing that, but at that point, that's the final judgment. And the fact is, this was a package deal. The package was altered in February 2016. Whatever happened in 2013 has the same legal effect as what happened in 2012, when the district court imposed a 144-month sentence. It was vacated. Sentences that are subsequently modified are no longer the sentence that can be This was a substantive modification of the sentence. The district court in May 2021, for the first time, imposed a 64-month term of imprisonment. This was an improper Rule 35a motion that was late. So, we'd ask the court to reverse. Thank you. Thank you, counsel. The case is taken under advisement.